70 F.3d 1272
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jack LEHTINEN, Plaintiff-Appellant,
v.
QUANTUM CHEMICAL CORPORATION, Defendant-Appellee.
 No. 94-6420.
 United States Court of Appeals, Sixth Circuit.
 Nov. 16, 1995.
 
 Before: MERRITT, Chief Judge, and DAUGHTREY and OAKES,* Circuit Judges.
 PER CURIAM.
 
 
 1
 In this diversity case, the plaintiff-appellant, Jack Lehtinen, appeals the decision of the magistrate judge, sitting in the place of the district judge by consent of the parties, granting summary judgment in favor of the defendant.
 
 
 2
 Lehtinen initiated this action to recover the $100,000 in earnest money retained by the defendant as liquidated damages under the terms of the parties' 1985 sales agreement. On appeal, he argues that genuine issues of material fact exist in connection with each of his claims, sufficient to warrant a trial on the merits.
 
 
 3
 The district court found to the contrary, in an exhaustive opinion that sets out the facts in detail and demonstrates conclusively why Kentucky contract law mandates summary judgment against the plaintiff on those facts.
 
 
 4
 This court reviews the grant of a motion for summary judgment de novo. American Casualty Co. v. F.D.I.C., 39 F.3d 633, 636 (6th Cir.1994). Under the provisions of Fed.R. Federal Rules of Civil Procedure. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liverty Lobby, 477 U.S. 242, 247-48 (1986) (emphasis in original); American Casualty Co., 39 F.3d at 636.
 
 
 5
 Having carefully considered the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in granting summary judgment. Because the reasons why judgment should be entered for the defendant have been thoroughly articulated by the district court, the issuance of a full written opinion by this court would be duplicative and serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court upon the reasoning set out by that court in its memorandum opinion entered on July 24, 1994.
 
 
 
 *
 The Hon. James L. Oakes, United States Circuit Judge for the United States Court of Appeals for the Second Circuit sitting by designation